## *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

December 20, 2018

Mr. Paul Taliaferro Lund
900 Jackson Street
Suite 330
Dallas, TX 75202-0000

    No. 18-11259    USA v. Jesse McGraw
    USDC No. 3:09-CR-210-1

Dear Mr. Lund,

We have docketed the appeal as shown above, and ask you to use the case number for future inquires.  You can obtain a copy of our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist".

<u>Briefing Notice:</u> The record is complete for purposes of the appeal, see F<small>ED</small>. R. A<small>PP</small>. P. 12.  Appellant's brief and record excerpts are due within 40 days of the date shown above, see F<small>ED</small>. R. A<small>PP</small>. P. & 5<small>TH</small> C<small>IR</small>. R. 28, 30, and 31.  See also 5<small>TH</small> C<small>IR</small>. R. 30.1.2 and 5<small>TH</small> C<small>IR</small>. R. 31.1 to determine if you have to file electronic copies of the brief and record excerpts. [If required, electronic copies MUST be in Portable Document Format (PDF).]

<u>Record Excerpts:</u> 5<small>TH</small> C<small>IR</small>. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court <u>must</u> contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

<u>Brief Covers:</u> THE CASE CAPTION(S) ON BRIEF COVERS MUST BE EXACTLY THE SAME AS THE CASE CAPTION(S) ON THE ENCLOSED TITLE CAPTION SHEET(S).  YOU WILL HAVE TO CORRECT ANY MODIFICATIONS YOU MAKE TO THE CAPTION(S) BEFORE WE SUBMIT YOUR BRIEF TO THE COURT.

<u>Policy on Extensions:</u> The court grants extensions sparingly and under the criteria of 5<small>TH</small> C<small>IR</small>. R. 31.4.  If you request an extension, you must contact opposing counsel and tell us if the extension is opposed or not.  5<small>TH</small> C<small>IR</small>. R. 31.4 and the Internal Operating Procedures following rules 27 and 31 state that except in the most

extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

<u>Reply Brief:</u> We do not send cases to the court until all briefs are filed, except in criminal appeals. Reply briefs must be filed within the 21 day period of Fed. R. App. P. 31(a)(1). See 5th Cir. R. 31.1 to determine if you have to file electronic copies of the brief, and the format.

<u>Dismissal of Appeals:</u> The clerk may dismiss appeals without notice if you do not file a brief on time, or otherwise fail to comply with the rules.

<u>Appearance Form:</u> If you have not electronically filed a "Form for Appearance of Counsel," you must do so within 14 days of this date. You must name each party you represent, See Fed. R. App. P. and 5th Cir. R. 12. The form is available from the Fifth Circuit's website, www.ca5.uscourts.gov.

**You may elect to pursue summary affirmance/disposition if all issues in the case are foreclosed by 5th Circuit precedent. If you elect this procedure, you must file a motion for summary affirmance contemporaneously with an informal letter brief in support of the motion, not exceeding 10 pages. The U.S. Attorney may join in the motion, if unopposed, or file a response letter not exceeding 10 pages. Record excerpts are not required.**

ATTENTION ATTORNEYS: Direct access to the electronic record on appeal (EROA) for pending appeals will be enabled by the U S District Court on a per case basis. Counsel can expect to receive notice once access to the EROA is available. Counsel must be approved for electronic filing and must be listed in the case as attorney of record before access will be authorized. Instructions for accessing and downloading the EROA can be found on our website at www.ca5.uscourts.gov/attorneys/attorney-forms/eroa_downloads. Additionally, a link to the instructions will be included in the notice you receive from the district court.

Sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. Access to sealed documents will continue to be provided by the district court only upon the filing and granting of a motion to view same in this court.

**<u>Guidance Regarding Citations in Pleadings.</u>**

5th Cir. R. 28.2.2 grants the Clerk the authority to create a standard format for citation to the electronic record on appeal. You must use the proper citation format when citing to the electronic record on appeal.

- A. In single record cases, use the short citation form, "ROA" followed by a period, followed by the page number. For example, "ROA.123."

- B. For multiple record cases, cite "ROA" followed by a period, followed by the Fifth Circuit appellate case number of the record referenced, followed by a period, followed by the page of the record. For example, "ROA.13-12345.123."

<u>Briefs in Anders Cases.</u> If you are planning on filing an Anders motion and supporting brief, please refer to the following checklist on the Fifth Circuit's website: "www.ca5.uscourts.gov/clerk/AndersChecklist.pdf".  **IMPORTANT: ALSO, refer to the Anders Guidelines on the Fifth Circuit's website: "www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/forms-and-samples/andersguidelines.pdf", regarding the recently updated minimum communication verification requirement.**

Pro se litigants may request the record from the district court to prepare their brief.  Those proceeding in forma pauperis may receive the record without payment of shipping costs.  If you wish to receive exhibits, you must specifically request them.

**Once you obtain the record, you should check it within 14 days of receipt for any missing or incomplete items.  If you need to request a supplemental record or order transcripts, do so promptly.  The court will not grant extensions of time to file your brief because you did not timely check the record.**

**<u>Reminder as to Sealing Documents on Appeal:</u>**  Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket.  Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding.  It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary.  An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.


                                    Sincerely,

                                    LYLE W. CAYCE, Clerk

                                    By: _/s/ Melissa Courseault_
                                    Melissa Courseault, Deputy Clerk
                                    504-310-7701

Enclosure(s)

cc w/encl:
    Mr. James Wesley Hendrix

Case No. 18-11259

UNITED STATES OF AMERICA,

                Plaintiff - Appellee

v.

JESSE WILLIAM MCGRAW, also known as GhostExodus,

                Defendant - Appellant