# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

# NO. 18-11259

## UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

## JESSE WILLIAM MCGRAW, also known as GhostExodus,
*Defendant-Appellant.*

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

## BRIEF FOR APPELLANT

**PAUL T. LUND**
**Burleson, Pate & Gibson**
**Of Counsel**
**900 Jackson Street, Suite 330**
**Dallas, Texas 75202**
**(214) 871-4900**
**(214) 613-1067  Fax**
**plund@bp-g.com**
**TX Bar No. 24070185**

## CERTIFICATE OF INTERESTED PERSONS

The number and style of the case in the court below is as follows - <u>United States of America v. Jesse William McGraw</u>, cause number 3:09-CR-210-B, in the United States District Court for the Northern District of Texas, Dallas Division.

The undersigned counsel of record certifies that the following listed persons have an interest in the outcome of this case.  These representations are made in order that the Judges of this Court may evaluate possible disqualifications or recusal.

| | |
|---|---|
| **Federal District Judge:** | Hon. Jane J. Boyle |
| **Appellant:** | Jesse William McGraw |
| **Attorney for Defendant-Appellant:** | Paul T. Lund |
| **United States Attorneys for the Northern District of Texas:** | John Parker, Ern Nealy Cox |
| **Assistant U.S. Attorneys for the Northern District of Texas:** | Candina Heath, Paul Yanowitch |

*/s/ Paul T. Lund*
PAUL T. LUND

ii

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

The defendant-appellant, Jesse William McGraw does not believe oral argument is necessary.

# **TABLE OF CONTENTS**

PAGE

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . 2

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARGUMENT I -   The district court procedurally erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.. . . . . . . 9

ARGUMENT II -  The district court substantively erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.. . . . . . 13

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

iv

# TABLE OF AUTHORITIES

FEDERAL CASES

*Gall v. United States*, 552 U.S. 38 (2007)....................................................8-9, 11-13

*United States v. Booker*, 543 U.S. 220 (2005)...........................................................12

*United States v. Newsom*, 508 F.3d 731 (5th Cir. 2017).............................................9

*United States v. Rhine*, 637 F.3d 525 (5th Cir. 2011)................................................11

*United States v. Sanchez*, 900 F.3d 678 (5th Cir. 2018).....................................10-13

*United States v. Tisdale*, 264 Fed.Appx. 403 (5th Cir. 2008)..................................12

*United States v. Warren*, 720 F.3d 321 (5th Cir. 2013)................................10, 11, 13

*United States v. Winding*, 817 F.3d 910 (5th Cir. 2016)....................................10, 11

FEDERAL STATUTES

18 U.S.C. § 1030.......................................................................................................4

18 U.S.C. § 3231.......................................................................................................1

18 U.S.C. § 3553(a).........................................................................................2, 4, 8-14

18 U.S.C. § 3583......................................................................................................14

18 U.S.C. § 3742.......................................................................................................1

28 U.S.C. § 1291 .....................................................................................................1

FEDERAL RULES

FED. R. APP. P. 4(b).................................................................................................1

v

## **STATEMENT OF JURISDICTION**

The district court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1291, as this is an appeal from a judgment of revocation entered by the United States District Court for the Northern District of Texas. Jurisdiction is also invoked pursuant to 18 U.S.C. § 3742.

Judgment was entered by the district court on September 19, 2018. Notice of appeal was timely filed, in accordance with FED. R. APP. P. 4(b) on September 24, 2018.

## **STATEMENT OF THE ISSUES PRESENTED FOR REVIEW**

I.     The district court procedurally erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.

II.    The district court substantively erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

# NO. 18-11259

## UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

## v.

## JESSE WILLIAM MCGRAW, also known as GhostExodus,
*Defendant-Appellant.*

### APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

### APPELLANT'S INITIAL BRIEF

### STATEMENT OF THE CASE[1]

After being placed on a term of supervised release following a prior revocation

hearing, the Defendant-Appellant, Jesse William McGraw, (hereinafter "Appellant")

pled true to having violated his terms of release. ROA.587. Appellant was ultimately

---

[1] All references to the Record on Appeal are made in the following manner: ROA.page number.

sentenced to twenty four (24) months imprisonment by the district court on September 18, 2018. ROA. 360-361. The written judgement of the district court was entered on September 19, 2018, ROA. 360-361, and the Notice of Appeal followed on September 24, 2018. ROA.362.

## STATEMENT OF THE FACTS

After having pled guilty to two counts of 18 U.S.C. § 1030(a)(5)(A) & (c)(4)(B)(i)(II), Appellant was released from custody on July 14, 2017 to begin serving his court ordered term of three years of supervised release. ROA.897. Subsequent to the commencement of this term, a Petition for Offender Under Supervision was filed by the probation officer assigned to Appellant, alleging that he had violated several terms of his supervised release. ROA.897-899. Appellant was brought before the district court for a revocation hearing with counsel on January 11, 2018. ROA.571. At that hearing, Appellant pled true to the alleged violations and the Court sentenced him to six months in custody and an additional term of supervised release of thirty months. ROA.581. In making this ruling, the district court notably provided reasons for its ruling and confirmed that it was considering the sentencing factors under 18 U.S.C. § 3553(a) by stating "I think if I consider all of the appropriate 3553 factors, and I am, that six months in custody is fair, not more than it should be to carry out the purposes of the sentencing statutes as they apply in this

context". ROA.581.

Upon completion of his sentence, Appellant was released on May 17, 2018 and failed to report to the U.S. Probation Office as directed by the district court's prior order. ROA.957. A Petition for Offender Under Supervision was filed, alleging a single violation that Appellant failed to report to the U.S. Probation office within 72 hours of his release from the Bureau of Prisons. The Petition also calculated the guideline range for the offense as being from 3-9 months imprisonment. ROA.957-959. Appellant was subsequently arrested and brought to court for his initial appearance and the appointment of new counsel. ROA.351-352. The Government filed a motion to detain which was granted, and Appellant was remanded to custody. ROA.353-355, 358. Between this initial court appearance and the revocation hearing, the Government did not file any motion, memorandum, or other pleading indicating that they felt a sentence above the guideline range was appropriate. ROA.15-18. Similarly, the Court did not file any tentative order or notice that it was considering an above guideline range sentence. ROA.15-18.

Appellant then appeared for his revocation hearing with counsel on September 13, 2018. ROA.585. After confirming Appellant had read the petition and spoken to counsel regarding it, the district court asked how Appellant would plead and was informed that Appellant pled true to the sole allegation in the petition. ROA.586-587.

The district court then permitted Appellant and his counsel to address the court. Appellant's counsel noted that while this was Appellant's second violation, there was only one violation which was a Grade C violation, the lowest possible. Appellant's counsel also argued that because Appellant had a criminal history category of I and had not been arrested for any other offense since his release, the district court should impose a guideline sentence between 3-9 months. ROA.587-588.

The district court asked if the Government wished to be heard, and the Government argued, without prior notice, that the district court should sentence Appellant to prison for the enter remaining term of supervised release. ROA.588-589. The Government took the position that this would be 30 months, and the probation officer confirmed that the maximum would be 30 months. ROA.589. Appellant's counsel then responded that a sentence of 30 months would "more than triple the high end of the advisory range" and that such a sentence would be "grossly excessive punishment". Appellant's counsel also noted that there had been no prior pleading or case law cited by the Government to justify such a sentence and that a guideline sentence would be appropriate. ROA.590. The district court then addressed Appellant's counsel and pronounced the sentence stating:

> Mr. Lund, I really am sympathetic to what you have to say if it weren't the second time and if there weren't so many indicators that he's not going to comply. So I consider what you say, but I'm not going to follow it. I'm going

to give him the 30 months and no other supervision.

I -- I know that's high. It's higher than I would like, but it's -- it's -- I think it's appropriate under the circumstances of this case, because he is not going to comply with anything.

So I will give him 30 months. No more supervised release. You have a right to appeal this sentence. You can -- if you decide to appeal, you are entitled to court-appointed counsel to represent you on the appeal. You have to file an appeal within two weeks of the date the Court enters judgment of the case, which will probably be tomorrow or Monday. ROA.590-591.

The district court then asked Appellant if he had any questions to which he responded that he did not, and Appellant's counsel then objected to the sentence which the district court noted. ROA.591. The court then concluded the hearing.

The following day, the district court entered an electronic order stating that "in order to clarify the revocation sentence imposed by this Court on 9/13/2018, the Court sets an additional Final Hearing re Revocation of Supervised Release for 9/18/2018". ROA.16. The parties then reconvened on September 18, 2018. ROA.593. The district court began by apologizing for the confusion and stating "I simply wanted to resentence him", then allowing Appellant and his counsel to speak. ROA.596. Appellant reiterated that the guideline range was substantially lower than the sentence previously imposed, that Appellant had committed no other crimes while on release, and asked the court to impose a lower sentence. ROA.596. Appellant again declined to be heard and the Government declined to be heard. ROA.596. The district court then imposed the sentence, stating:

The sentence then is 24 months per count to run concurrently for a total of 24 months in custody.

Mr. McGraw, you have a right to appeal this sentence.

You can -- if you decide to appeal you're entitled to court-appointed counsel to represent you for the appeal. ROA.597.

Appellant's counsel confirmed that he would ensure a notice of appeal would be filed if Appellant desired and objected to the sentence imposed "as to the procedural and substantive and reasonableness of the sentence". ROA.597. The district court then overruled the objection and concluded the hearing remanding Appellant to custody. ROA.597.

Unlike Appellant's first revocation hearing, at no point in either of the two hearings did the district court make any reference to the 18 U.S.C. § 3553(a) factors or otherwise reference that it had considered the required sentencing factors prior to imposing a judgment in the case. On September 19, 2018 the district court then executed a Judgment in this matter in which it again failed to state that it had considered the sentencing factors. ROA.360-361.

Appellant timely filed a notice of appeal on September 24, 2018, and this appeal follows. ROA.362.

## SUMMARY OF THE ARGUMENT

The district court failed to consider the required 18 U.S.C. § 3553(a) factors as required by the Supreme Court in *Gall v. United States*, 552 U.S. 38 (2007). By

revoking Appellant's term of supervised release and sentencing him without considering those factors, the district court committed a procedural error which requires this court to remand the case to the district court for further proceedings.

This district court failed to adequately justify its sentence of twenty four months in custody, well over double the top of the applicable guideline range. By failing to consider the 18 U.S.C. § 3553(a) factors and appropriately justify a sentence above the guideline range, the district court committed a substantive error.

## **ARGUMENT**

### **Issue No. 1**

The district court procedurally erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.

A.    Standard of Review

At the conclusion of the revocation hearing held on September 18, 2018, Appellant objected to the sentence imposed for its procedural reasonableness. ROA.597. The district court then overruled that objection. ROA.597.

Under *Gall v. United States*, 552 U.S. 38, 51 (2007), this court shall review the sentence imposed under an abuse of discretion. *See also United States v. Newsom*, 508 F.3d 731 (5th Cir. 2007). If an objection is properly preserved, then the review is

under the "plainly unreasonable" standard. *See United States v. Sanchez*, 900 F.3d

678 (5th Cir. 2018) (*citing United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013)).

This standard has two steps. First, the Court must first evaluate the reasonableness of

the sentence using the standards of appellate review applicable to criminal sentences

generally. This includes inquiring as to if the district court committed "significant

procedural error, such as failing to consider the [applicable ] factors". *United States

v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (*quoting Warren*, 720 F.3d at 326)).

Second, the sentence must be vacated if the identified error is "obvious under existing

law" such that it is not just unreasonable but plainly unreasonable. *United States v.

Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

B.    Argument

The district court's failure to consider the 18 U.S.C. § 3553(a) factors prior to

imposing a sentence which was more than double the high end of the guideline range

constitutes a reversible error. The record makes clear that while the district court was

aware of the guideline range, at no time did the district court orally discuss the

sentencing factors. ROA.585-592, 593-598. Additionally, in the written filings from

the court after the hearing concluded, the district court did not indicate that it had

imposed the sentence in this case after a due consideration of the sentencing factors.

ROA.360-361, 1026. The record also contains evidence that the district court knew

that it was required to consider the 18 U.S.C. § 3553(a) factors when at a prior revocation hearing, the district court stated "I think if I consider all of the appropriate 3553 factors, and I am, that six months in custody is fair, not more than it should be to carry out the purposes of the sentencing statutes as they apply in this context". ROA.581.

It is well settled that because the sentencing guidelines are now advisory, the law requires that the sentencing court calculate the advisory guideline range and consider the 18 U.S.C. § 3553(a) factors. Failure to consider those factors has been noted by this Court as well as the Supreme Court to constitute a procedural error. *United States v. Rhine*, 637 F.3d 525, 528 (5th Cir. 2011) (citing to *Gall*, 552 U.S. at 51 (2007)). The Supreme Court made clear what a district court must do in its decision in *Gall* when it noted that after appropriately calculating the sentencing guidelines, the district court "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guideline range is reasonable. (internal citations omitted) He must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 596-97. The failure to make this undertaking constituted error by the district court. *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (*quoting Warren*, 720 F.3d at 326). *See also United States v. Sanchez*, 900 F.3d 678 (5th Cir.

2018).

This abuse of discretion is also not harmless given the sentence that was imposed. A failure to consider the 3553(a) factors meets the burden of being considered an obvious error under existing law in light of the well known pronouncements of the Supreme Court since *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018); *Gall v. United States*, 552 U.S. 38, 51 (2007). The district court notably did not sentence Appellant to a within guideline sentence, but instead sentenced him to more than *double* the top end of the guidelines. ROA.597. This Court has previously vacated sentences where the district court has failed to properly consider the 18 U.S.C. § 3553(a) factors as it has been found to be "a procedural error and an abuse of discretion". *United States v. Tisdale*, 264 Fed.Appx. 403 (5th Cir. 2008). As the Court did not properly consider the 3553(a) factors during the hearings it conducted in this manner, the Government cannot now rely on the statement made by the Court that it agreed with the arguments of the Government at the hearing. ROA.590-591. Given the nature of the sentence being so outside the applicable guideline range, harm has been shown, and this Court should vacate the revocation sentence and remand for re-sentencing.

## Issue No. 2

The district court substantively erred in failing to consider the 18 U.S.C. § 3553(a) factors prior to imposing a sentence in connection with the revocation of supervised release.

A.    Standard of Review

At the conclusion of the revocation hearing held on September 18, 2018, Appellant objected to the sentence imposed for its procedural reasonableness. ROA.597. The district court then overruled that objection. ROA.597.

The substantive reasonableness of a sentencing decision is reviewed for abuse of discretion. *See United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018) (*citing Gall*, 552 U.S. at 51). This Court shall vacate a sentence only if it "does not account for a factor that should have received significant weight," "gives significant weight to an irrelevant or improper factor," or "represents a clear error of judgment in balancing the sentencing factors." *See Sanchez*, 900 F.3d at 685; *quoting Warren*, 720 F.3d at 332.

B.    Argument

In failing to consider the 18 U.S.C. § 3553(a) factors, the district court failed to account for numerous factors that should have been considered. *See Warren*, 720 F.3d at 332. Specifically, while the Government made an argument at the hearing as

to the fact that the Appellant had been previously revoked, there was no arguments made or heard relating to specific 3553(a) factors. The district court failed to consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The district court failed to consider the need for the sentence to imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Appellant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2)(B)-(D). The district court failed to consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). As the law makes clear, each of these factor should have been given significant weight. All of the foregoing are listed under 18 U.S.C. 3583(c) and the district court's failure to consider them makes the substantially above guideline sentence imposed substantively unreasonable.

## **CONCLUSION AND PRAYER**

For all the foregoing reasons, this Court should vacate Mr. McGraw's sentence and remand the case to the district court.

Respectfully submitted,

/s/ Paul T. Lund

_____

PAUL T. LUND
Texas Bar No. 24070185
Founders Square
900 Jackson Street, Suite 330
Dallas, Texas 75202
(214) 871-4900
(214) 613-1067  Fax
plund@bp-g.com

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Appellant's Brief was served upon counsel for the Government by means of the ECF system on January 29th, 2019.

_/s/ Paul T. Lund_____

PAUL T. LUND

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7) of the Federal Rules of Appellate Procedure, undersigned certifies this brief compiles with the type-volume limitations announced in Rule 32(a)(7)(B)(i) of the Federal Rules of Appellate Procedure.

1.   Exclusive of the exempted portions announced in Rule 32(a)(7)(B)(ii) of the Federal Rules of Appellate Procedure and 5th Circuit Rule 32.2, the undersigned certifies that the Initial Brief contains 2,633 words in proportionately spaced typeface.

2.   The brief has been prepared in proportionately spaced typeface using WordPerfect X5, Times New Roman 14 pt.  Footnotes are in Times New Roman, 12 pt.

*/s/ Paul T. Lund*

PAUL T. LUND