# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11259
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 8, 2019
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

            Plaintiff-Appellee

v.

JESSE WILLIAM MCGRAW, also known as Ghost Exodus,

            Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-210-1

Before WIENER, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

  Jesse William McGraw appeals the 24-month sentence imposed after the district court revoked his supervised release for the second time. He contends that the sentence is procedurally and substantively unreasonable because the district court did not consider the applicable sentencing factors of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sentence was not plainly unreasonable. *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016). Although the district court did not explicitly discuss the § 3553(a) factors, the court explained clearly and adequately that it was imposing the prison sentence because McGraw's two attempts to leave the country while on supervised release demonstrated that McGraw would not comply with any future supervised release. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (affirming where the sentencing court "discussed the unique factors in [the] case it believed supported a higher sentence"). The district court's reasoning implicitly reflects consideration of "the history and characteristics of the defendant" under § 3553(a)(1). Moreover, McGraw does not explain which, if any, specific § 3553(a) factors should have been weighed in his favor, or how any additional consideration or explanation of the sentence in terms of § 3553(a) would have resulted in a lesser sentence. Nor does he point to or suggest that the district court engaged in any consideration of impermissible factors.

Under the facts of this case, and the content of the two hearings preceding the sentence imposed, we conclude that the court's failure to make a rote reference to § 3553(a) was not clear or obvious error, so the sentence was not plainly unreasonable. *See Warren*, 720 F.3d 321 at 332. The judgment is AFFIRMED.

The sentence was not plainly unreasonable. *See United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016). Although the district court did not explicitly discuss the § 3553(a) factors, the court explained clearly and adequately that it was imposing the prison sentence because McGraw's two attempts to leave the country while on supervised release demonstrated that McGraw would not comply with any future supervised release. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (affirming where the sentencing court "discussed the unique factors in [the] case it believed supported a higher sentence"). The district court's reasoning implicitly reflects consideration of "the history and characteristics of the defendant" under § 3553(a)(1). Moreover, McGraw does not explain which, if any, specific § 3553(a) factors should have been weighed in his favor, or how any additional consideration or explanation of the sentence in terms of § 3553(a) would have resulted in a lesser sentence. Nor does he point to or suggest that the district court engaged in any consideration of impermissible factors.

Under the facts of this case, and the content of the two hearings preceding the sentence imposed, we conclude that the court's failure to make a rote reference to § 3553(a) was not clear or obvious error, so the sentence was not plainly unreasonable. *See Warren*, 720 F.3d 321 at 332. The judgment is AFFIRMED.